THE INHABITANTS OF NEWCASTLE *vs.* BELLARD.

The *Stat.* 1821, *ch.* 59, *sec.* 26, empowering the treasurers of towns &c. to maintain suits in their own names upon the securities therein mentioned, does not take away the right of the towns &c. to sue, as before.

Where an attorney had collected monies for the treasurer of a town in that capacity, it was holden that he was liable for the amount, in an action for money had and received, at the suit of the town; and that in such action he could not set off any demand of his own against the treasurer in his private capacity.

IN an action of *assumpsit* brought by the plaintiffs for money had and received by the defendant to their use, it appeared that in the course of his business as an attorney he had collected monies on divers securities due to *Charles Nichols as treasurer of the town of Newcastle;* and that the defendant had once admitted that there was due to *Mr. Nichols as treasurer,* $24 71, after deducting all sums paid and bills of costs charged to him *in that capacity.*

The defendant hereupon objected that this action did not lie for the town; but that it should have been brought by the treasurer himself; but *Weston* J. who tried the cause, overruled the objection.

The defendant then offered to prove, that there was an open account between him and *Nichols,* containing their business transactions since the year 1813; during which period the defendant had collected monies due to him both as treasurer, and also

in his private capacity; and from time to time had paid him money, and also had supplied him with goods from a store owned by the defendant, besides transacting professional business for him to a considerable amount; all which accounts were blended together, and shewed a general balance due to the defendant;—and that at the time of delivery of the goods, the defendant had no monies in in his hands, except such as had been collected for *Nichols* as treasurer.

But the admission of the defendant that there was a balance due to *Nichols as treasurer*, appearing to have been understandingly and deliberately made, the accounts being much involved, and *Nichols* not being represented in this suit, the Judge rejected the evidence offered by the defendant, and the jury thereupon returned a verdict for the plaintiff for the $24 71 above mentioned; which was taken subject to the opinion of the whole Court.

*Fessenden,* for the defendant, contended that the contract in this case was private and personal between him and *Nichols,* upon the faith of which he had made advances and disbursements to the latter who still owed him, and for whom alone he collected the money, and to whom alone he was responsible. Between the town and the defendant there was no privity whatever. All the demands of the town were under the control of the treasurer, who might sue them or not as he pleased, and who alone had power to discharge them. Besides, the authority to sue is given to the treasurer expressly, by *Stat.* 1821, *ch.* 59, *sec.* 26.—And as no one can be accountable for the same sum to two different persons, on an implied contract, the defendant must of course be responsible only to the treasurer. The case is not different, in principle, from that of an administrator, factor, or other · person holding securities *en autre droit,* and leaving them with an attorney for collection; in which case the credit given by the attorney is wholly personal; and if he has made advances upon the general fund in his hands, he may retain for the payment.

And here has been no *demand* on the defendant; who was a mere receiver of monies, to account on demand, but not before. To subject an attorney, or other person, who was only a trustee of monies collected in the course of his profession or business, to

the expenses of an action for money, which no one has called to receive at his hands, would be a plain violation of the principles of justice.

*Williams,* on the other side, was stopped by the Court, whose opinion was afterwards delivered, as follows, by

MELLEN C. J.   The provision in the 26th *sec.* of the statute of 1821, *ch.* 59, is " that the treasurer of this State, treasurers " of counties, towns, parishes and other corporations for the time " being, may commence and prosecute in their own names any " suit or suits at law upon any bonds, notes or other securities " which have been or may be given to them or their predecessors " in said capacity."   The defendant relies on this section as a bar to the present action.   The objection may receive two answers. 1. This action is not brought on any such bond, note or other security;—it is an action for monies had and received.   The case does not fall within the language of the provision.   2. But if it did, the objection could not be sustained.   The provision only empowers and authorizes such treasurers to sue in their own names; it does not require that they should be plaintiffs, and of course, the principle of the common law remains as before, by which a promise made to an agent or servant, may be declared on as made to the principal.   With respect to the other ground of defence, we are very clear that must fail also; for two rea-sons.   1. It is not competent for the defendant in this action between the town and himself, to offset any demand on account which he has against *Nichols* the treasurer in his private capaci-ty, any more than against any other person.   2. If he had such right, it could not have been allowed in the present instance, as no account was legally filed in offset.   The defendant, even with-out this, has had the benefit of all demands which he had against *Nichols as treasurer*; or, in other words, against the town;—and the verdict has been returned against him for no more than the balance due to the town, or to the treasurer in his capacity, ac-cording to the defendant's own confession.   There can be no pos-sible reason for sustaining the motion for a new trial.

*Judgment according to verdict.*